UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
JERMELL HOLDEN,

      Plaintiff,

-against-

CITY OF NEW YORK; JULIE
TRIVEDI(ADA); MICHELLE HOLMES
(ADA),

      Defendants.
------------------------------X

**Not for Publication**

**MEMORANDUM & ORDER**

17-CV-2934(KAM)

**MATSUMOTO, United States District Judge:**

      On May 2, 2017, *pro se* plaintiff Jermell Holden ("plaintiff"), currently incarcerated at the Anna M. Kross Center on Rikers Island, filed this action against defendants Department of Corrections ("DOC") and the City of New York ("the City") pursuant to 42 U.S.C. § 1983 ("section 1983"), alleging that on December 15, 2016, he was "made to go before the grand jury in prison clothes," in Queens County court. (Initial Complaint, ECF No. 2, at 4.) By memorandum and order dated August 17, 2017 (the "Order," ECF No. 8), the court dismissed plaintiff's complaint, without prejudice, and granted him leave to file an amended complaint against the City, or to add individual defendants who were personally involved in the alleged constitutional violation, within thirty (30) days of the order. (*See* Order at 6-8.)

On October 24, 2017, plaintiff filed an amended complaint ("Am. Compl." or the "complaint," ECF No. 10) against defendants the City and two Queens County Assistant District Attorneys, Julie Trivedi and Michelle Holmes, alleging that

> on December 15, 2016 I Jermell Holden was taken to court in prison clothes I asked for my clothes and was denied. I was th[e]n taken to the grand jury proceeding in my prison clothes and was uncuffed in the courtroom in front of the jury which impaired the integrity of the jury.

(Am. Compl. at 5.) Plaintiff requests that this court intervene in his New York State criminal case by dismissing his indictment and ordering a new grand jury. (*Id.* at 6.) For the reasons discussed below, the instant action is dismissed.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)). A complaint must plead

sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the court is required to read a plaintiff's *pro se* complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008). This means that the court must interpret a *pro se* complaint "to raise the strongest arguments that [it] suggest[s]." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, a *pro se* complaint "must contain sufficient factual allegations to meet the plausibility standard." *Green v. McLaughlin*, 480 F. App'x 44, 46 (2d Cir. 2012) (summary order) (citing *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

## DISCUSSION

Plaintiff seeks the court's intervention in an ongoing state court criminal proceeding. In *Younger v. Harris*, 401 U.S.

3

37 (1971), the Supreme Court concluded that although federal courts have the power to enjoin state criminal proceedings "when absolutely necessary for protection of constitutional rights . . . this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Id.* at 45. "Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.* at 46 (citing *Ex Parte Young*, 209 U.S. 123, 145-47 (1908)).

In *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013), the Supreme Court clarified that *Younger* abstention is required where a federal action parallels one of three types of state court proceedings:

> First, *Younger* preclude[s] federal intrusion into ongoing state criminal prosecutions. Second, certain "civil enforcement proceedings" warrant[] abstention. Finally, federal courts [must] refrain[] from interfering with pending "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions."

*Id.* at 78 (quoting and citing *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans ("NOPSI")*, 491 U.S. 350, 368

4

(1989)); *see also id.* ("We have not applied *Younger* outside these three 'exceptional' categories, and today hold, in accord with *NOPSI*, that they define *Younger*'s scope.").

Here, plaintiff seeks to have this court dismiss his criminal indictment and convene a new grand jury. (Am. Compl. at 5.) Granting the relief sought would surely constitute "federal intrusion into ongoing state criminal proceedings." *Id.* at 78; *see also Manchanda v. Bose*, No. 14-CV-9658, 2015 WL 81998(LGS), at *1-2 (S.D.N.Y. Jan.6, 2015) ("Because Plaintiff seeks to review, intervene in, or enjoin pending state criminal proceedings, the Court must abstain from exercising jurisdiction over Plaintiff's federal claims in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury." (citing *Younger*, 401 U.S. at 54 and *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973))).

Moreover, plaintiff fails to allege any facts that would bring his case within any exception to the general requirement that the federal court abstain from intervening in, or enjoining, pending state criminal proceedings. Accordingly, plaintiff's constitutional claims regarding his pending criminal case must be dismissed, though the dismissal is without prejudice. *See Manchanda*, 2015 WL 81998 at *2 (citations omitted); *Graham v. Crim. Ct. of the City of N.Y.*, No. 15-CV-

337, 2015 WL 427981, at *2-3 (E.D.N.Y. Feb. 2, 2015).[1] For the reasons set forth in footnote 1 to this memorandum and order, and because plaintiff has already been granted an opportunity to file an amended complaint, the court will not grant plaintiff a second opportunity to amend his complaint.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962). The Clerk of Court

---

[1] The court notes that to the extent plaintiff may wish to bring a claim for damages against the City, such a claim would be dismissed because plaintiff again fails to allege any facts demonstrating that an officially adopted policy or custom of the City of New York caused a violation of his federally protected rights. *See Bd. of County Comm'rs of Bryan County, OK v. Brown*, 520 U.S. 397, 403-04 (1997); *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012).

Additionally, any claim for damages against the Assistant District Attorneys prosecuting his criminal case would be dismissed. It is well established that "a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under [section] 1983." *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410, 431 (1976)). "Prosecutorial immunity from [section] 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with the prosecutor's function as an advocate." *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotation marks and citation omitted). Immunity extends to deciding which offenses to charge, initiating a prosecution, presenting the case at trial, and evaluating and organizing evidence for presentation at trial or to a grand jury. *Id.* (citations omitted). Absolute immunity for prosecutorial acts can be defeated only if the prosecutor is alleged to have acted in the complete absence of jurisdiction, *Shmueli*, 424 F.3d at 237, which is not the case here.

is respectfully directed to enter judgment dismissing this case without prejudice, to serve a copy of the judgment, this order, and an appeals packet on plaintiff at his address of record, and to close the case.

**SO ORDERED.**

Dated:   April 25, 2018
         Brooklyn, New York

/s/
Kiyo A. Matsumoto
United States District Judge